UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANZIL PARTIN       ] | |
|     Plaintiff,   ] | |
| ] | |
| v.                  ] | No. 3:06-0057 |
| ] | Judge Campbell/Bryant |
| DR. OSEQBUE, ET AL. ] | |
|     Defendants.  ] | |

To: Honorable Todd Campbell, District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By an order (Docket Entry No.5) entered January 27, 2006, this case was referred to the Magistrate Judge "to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court."[1]

Presently pending before the Court are two Motions to Dismiss (Docket Entry Nos.45 and 50) from the defendants and the plaintiff's Response (Docket Entry No.53) to the Motions to

---

[1] This action was originally assigned to the docket of Magistrate Judge E. Clifton Knowles. However, pursuant to Administrative Order No. 138-4, the case was transferred to the docket of the undersigned on August 17, 2006. *See* Docket Entry No.58.

1

Dismiss. The undersigned has reviewed these pleadings and the record in this case and respectfully recommends, for the reasons set forth below, that the Motions to Dismiss lack merit and should be denied.

The plaintiff is an inmate at the Deberry Special Needs Facility in Nashville. Prior to his incarceration, he was wounded in the face with a shotgun blast. As a result of this wound, the plaintiff has, for over four years, been unable to breathe through his nose or mouth and can not chew or swallow solid foods.[2]

On November 3, 2005, the plaintiff filed a *pro se* § 1983 complaint (Exhibit to Docket Entry No.45) alleging that Deberry officials had been denying him the medical treatment he needs to live a "normal" life. Danzil Partin v. Dr. Oseqbue, et al.; Civil Action No. 3:05-0950 (M.D.Tenn.)(Trauger, J., presiding). The complaint was dismissed without prejudice for failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a). The plaintiff filed an appeal of the dismissal.[3]

Shortly thereafter, however, while the appeal was still pending, the plaintiff initiated the instant action by filing a complaint (Docket Entry No.1) that is identical in every respect

---

[2] The plaintiff has submitted pictures as exhibits (Docket Entry No. 47) to show the extent of his disfigurement.

[3] USCA Case No. 05-6850.

2

to his earlier complaint. The defendants assert that, because both cases are identical and the appeal remains pending, the instant complaint "should be dismissed as duplicative and a waste of judicial resources". Docket Entry No.50 at pg.1.

A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., is reviewed under the standard that dismissal is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his alleged claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 102 (1957). For the purpose of a motion to dismiss, the allegations in the plaintiff's complaint are liberally construed and taken as true. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). More than bare assertions of legal conclusions, however, are required to withstand a Rule 12(b)(6) motion, and the complaint must contain allegations of fact sufficient to support the asserted legal claims. *See* Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-437 (6th Cir. 1988).

In response to the Motions to Dismiss, the plaintiff has provided the Court with proof that his appeal of the earlier case has now been voluntarily dismissed. *See* Exhibit to Docket Entry No.57. With this dismissal, duplicate cases raising the same claims against these same defendants no longer exist. Therefore, the plaintiff has cured the alleged deficiency in the instant complaint.

3

# R E C O M M E N D A T I O N

For the reasons discussed above, the undersigned finds that the defendants' Motions to Dismiss no longer have merit (Docket Entry Nos.45 and 50) and respectfully RECOMMENDS that they be DENIED.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

> Respectfully submitted,
>
> s/ John S. Bryant
> _____
> John S. Bryant
> United States Magistrate Judge

4

5