UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DENZIL PARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:06-0057 |
| | ) | |
| DOCTOR OSEQBUE, et al., | ) | Judge Campbell/Bryant |
| | ) | **Jury Demand** |
| Defendants. | ) | |

**TO: The Honorable Todd J. Campbell**

### REPORT AND RECOMMENDATION

This case was referred to the Magistrate Judge for case management and for report and recommendation on dispositive motions. (Docket Entry No. 5). Thereafter the case was reassigned by Magistrate Judge Knowles to the undersigned. (Docket Entry No. 58).

Pending are a motion to dismiss for lack of service of process upon defendants Alexander, Campbell and Oseqbue (Docket Entry No. 76), and three motions for summary judgment filed on behalf of defendants Campbell (Docket Entry No. 77), Alexander, Correctional Medical Services, Inc., Campbell, and Oseqbue (Docket Entry No. 81) and State of Tennessee, Maclin, Storey, Hampton, Blakely, Hoselton, Rhea, Colson and Waller (Docket Entry No. 87). Plaintiff has filed no response in opposition to these motions.

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that the motion to dismiss on behalf of defendants Alexander, Campbell and Oseqbue should be **DENIED**, the motions for summary judgment on behalf of all defendants should be **GRANTED**, and that the complaint should be **DISMISSED** with prejudice.

## Statement of the Case

Plaintiff, a prisoner proceeding pro se and in forma pauperis, filed his amended complaint pursuant to 42 U.S.C. § 1983 asserting that defendants violated his constitutional rights under the eighth amendment of the United States Constitution by their deliberate indifference to his serious medical needs while he was incarcerated. (Docket Entry No. 42). Plaintiff also alleges a supplemental state claim of medical malpractice pursuant to 28 U.S.C. § 1367. (Id.) Defendants have denied plaintiff's allegations of wrongdoing.

Defendants Paul Alexander, M.D., Jerry Campbell, M.D. and Francesca Oseqbue, M.D., have filed a motion to dismiss pursuant to Rule 12(b)(4) and (5), Federal Rules of Civil Procedure, asserting insufficiency of process and insufficiency of service of process. (Docket Entry No. 76).

Defendant Jerry Campbell, M.D. has filed his motion for summary judgment (Docket Entry No. 77) supported by his own affidavit stating that he has never worked at the Lois DeBerry Special Needs Medical Facility, where plaintiff alleges he received inadequate or inappropriate treatment. (Docket Entry No. 80).

Defendants Paul Alexander, M.D., Correctional Medical Services, Inc., Jerry Campbell, D.M.D., and Francesca Oseqbue, M.D., have filed a motion for summary judgment. (Docket Entry No. 81). This motion is supported by the affidavit of Dr. Paul C. Alexander (Docket Entry No. 84), in which Dr. Alexander states that he is a licensed physician, that he served as medical director of the Lois DeBerry Special Needs Facility throughout plaintiff's

2

incarceration there, that he is familiar with the treatment provided to plaintiff during his incarceration at that facility, and that the medical care provided to plaintiff by defendants complied with the recognized standard of acceptable medical care. Dr. Alexander also expresses the opinion that none of the care or treatment rendered to plaintiff by the Correctional Medical Services defendants (including Dr. Alexander and Dr. Oseqbue) caused or contributed to the injuries or damages alleged in the complaint. (Id.)

Finally, defendants Maclin, Storey, Hampton, Blakely, Hoselton, Rhea, Colson, Waller and the State of Tennessee have filed a motion for summary judgment. (Docket Entry No. 87). This motion is supported by the affidavit of Sharon Blakely (Docket Entry No. 87-1) and certified copies of plaintiff's medical records from the DeBerry facility. (Docket Entry Nos. 87-2 to 87-8). Ms. Blakely, a defendant and a registered nurse, expresses the opinion that the nursing care rendered to plaintiff at the DeBerry facility by the defendant nurses was appropriate and complied with the accepted standard for care for nurses. (Docket Entry No. 87-1). Ms. Blakely also expresses the opinion that the nurses' care and treatment of plaintiff at the DeBerry facility did not cause or contribute to any alleged injuries or damages asserted in the complaint. (Id.)

As stated above, plaintiff has not responded in opposition to these motions, nor has he sought additional time within which to do so.

3

## Summary of the Material Facts

From the record, the following facts appear. On January 24, 2002, plaintiff sustained a self-inflicted gun shot wound to his face from a 12-gauge shotgun, at point-blank range. He received treatment for this injury at the University of Tennessee Medical Center in Knoxville.

On or about February 13, 2002, plaintiff was transferred from the custody of the Campbell County Sheriff's Department to the Lois DeBerry Special Needs Facility operated by the Tennessee Department of Corrections in Nashville.

Plaintiff was released from prison on July 26, 2007. (Docket Entry No. 86).

In his complaint, as amended, plaintiff alleges that defendants were deliberately indifferent to his serious medical needs (1) by failing to perform, or secure and pay for, facial reconstructive surgery necessary to afford plaintiff a "basic quality of life," (2) by failing to provide necessary antibiotic medication despite recurring infections, and (3) by withholding necessary pain medication. (Docket Entry No. 42). Defendants have denied these allegations.

## Analysis

The Rule 12 motion to dismiss. Defendants Alexander, Campbell and Oseqbue have filed their motion to dismiss under Rule 12(b) for lack of service of process. (Docket Entry No. 76). They assert that they were not served with the summons and complaint as required.

4

According to the record, a summons addressed to "Doctor Campbell" at Rachel Jackson Bldg, 4th Floor, 320 Sixth Avenue North, Nashville, Tennessee 37243-1400 was delivered by certified mail on February 16, 2006. (Docket Entry No. 17). However, this summons was returned on March 14, 2006, accompanied by a letter from Debbie Inglis, General Counsel for the Tennessee Department of Corrections, which stated: "There is not a 'Doctor Campbell' employed by the Department of Corrections at this time." (Docket Entry No. 26).

Similarly, a summons addressed to "Dr. Oseqbue" was delivered by certified mail to the above address on February 16, 2006. (Docket Entry No. 20). However, this summons also was returned with the envelope marked "return to sender" and "this MD not at DeBerry." (Docket Entry No. 27).

Finally, the record shows that a summons and complaint addressed to "Doctor Alexander Health Administrator" at DeBerry Special Needs Facility, 7575 Cockrill Bend Blvd, Nashville TN 37209-1056 was delivered by certified mail on February 16, 2006. (Docket Entry No. 19).

On April 5, 2007, an answer to the amended complaint was filed on behalf of defendants Alexander, Campbell, Oseqbue and Correctional Medical Services, Inc. (Docket Entry No. 71). Although this answer asserts numerous affirmative defenses, the defenses of insufficiency of process and insufficiency of service of process are not included.

On July 23, 2007, the motion to dismiss on behalf of defendants Alexander, Campbell and Oseqbue raised for the first

5

time the defenses of insufficiency of process and insufficiency of service of process pursuant to Rule 12(b)(4) and (5). (Docket Entry No. 76).

Rule 12(b) lists seven affirmative defenses, including insufficiency of process and insufficiency of service of process, that may be raised in a preliminary motion filed before a responsive pleading. In the absence of such a preliminary motion, every defense shall be asserted in the responsive pleading. Rule 12(b), Federal Rules of Civil Procedure. The affirmative defenses of insufficiency of process and insufficiency of service of process are waived unless they are raised either in a preliminary motion or in a responsive pleading. Rule 12(h)(1), Federal Rules of Civil Procedure. Since these defendants filed no preliminary motion and failed to assert the subject affirmative defenses in their answer, these defenses were waived, and their subsequent motion raising these defenses for the first time therefore should be **DENIED**.

<u>The motions for summary judgment</u>. All defendants have filed motions for summary judgment. (Docket Entry Nos. 77, 81 and 87). These motions are supported by sworn affidavits. Defendant Campbell's motion is supported by his own affidavit (Docket Entry No. 80), which states in part: "I have never worked at the Louis DeBerry Special Needs Facility in Nashville, Tennessee, where the Plaintiff, Denzil Partin, alleges that he received treatment from me."

The motion for summary judgment filed on behalf of defendants Alexander, Campbell, Oseqbue and Correctional Medical Services, Inc. is supported by the affidavit of defendant Dr. Paul

6

C. Alexander (Docket Entry No. 84), and the motion for summary judgment filed on behalf of defendants Maclin, Storey, Hampton, Blakely, Hoselton, Rhea, Colson, Waller and the State of Tennessee is supported by the affidavit of Sharon Blakely. (Docket Entry No. 87-1). In summary, the affidavits of Alexander, a licensed physician, and Blakely, a registered nurse, state their professional opinions that the medical and nursing care rendered to plaintiff by defendants at the DeBerry Special Needs Facility was appropriate and complied with recognized standards of acceptable care, and that the care and treatment rendered by defendants did not cause or contribute to the injuries or damages for which plaintiff seeks recovery.

As stated above, plaintiff has not responded to these motions, nor has he sought extensions of time within which to respond.

Rule 56(c) of the Federal Rules of Civil Procedure states in part that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A party moving for summary judgment makes a sufficient showing by informing the court of the basis of his motion and by identifying the portions of the record that reveal that there are no genuine material fact issues to support the nonmovant's case. See Celotrex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion,

7

against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Id.

Here, defendants have supported their motions with affidavits of healthcare professionals vouching for the care delivered by defendants to the plaintiff.  In response, plaintiff has filed nothing.  Plaintiff's failure to file any competent proof in support of his claims establishes the absence of material fact issues for trial, and the undersigned Magistrate Judge therefore finds that defendants' motions for summary judgment (Docket Entry Nos. 77, 81 and 87) should be **GRANTED**.

## RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that the motion to dismiss on behalf of defendants Alexander, Campbell and Oseqbue should be **DENIED**, that the motions for summary judgment on behalf of all the defendants should be **GRANTED**, and that the complaint, as amended, should be **DISMISSED** with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court.  Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections.  Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a

8

waiver of further appeal of this Recommendation.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

      **ENTERED** this 3rd day of January 2008.

                                             <u>s/ John S. Bryant</u>
                                             JOHN S. BRYANT
                                             United States Magistrate Judge